UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M ATCHLEY, et al.,<br><br>    Defendants. | Case No. 21-cv-02282-JST<br><br>**ORDER VACATING ORDER OF DISMISSAL AND JUDGMENT; GRANTING REQUEST TO REOPENING CASE; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 6 |

Plaintiff, a state prisoner housed at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case was dismissed on October 19, 2021 for failure to either pay the full filing and administrative fee, or file a complete *in forma pauperis* application. ECF Nos. 3, 4. Plaintiff has since filed a pleading indicating that he wishes to proceed with this action, which the Court construes as a request to reopen this action. ECF No. 6. Plaintiff has also filed an application to proceed *in forma pauperis.* ECF No. 7. For the reasons set forth below, the Court GRANTS the request to reopen this action (ECF No. 6), VACATES the Order of Dismissal and related judgment (ECF Nos. 3, 4); REOPENS this action; and DISMISSES this action with leave to amend. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

I.   **Procedural Background**

On or about March 31, 2021, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. That same day, the Clerk of the Court informed Plaintiff that this action was deficient because he had not filed *in forma pauperis* application or paid the filing and administrative fee. ECF No. 2. Plaintiff was instructed to submit a complete *in forma pauperis*

1  application within twenty-eight days of the date of the order. *Id.* On October 19, 2021, the Court
2  dismissed this action without prejudice for failure to submit the complete *in forma pauperis*
3  application within the time provided, and entered judgment in favor of Defendants. ECF Nos. 3,
4  4. The Court specified that the dismissal was without prejudice to Plaintiff moving to reopen the
5  action, and that any such motion should be accompanied by either the full filing and
6  administrative fee or a complete *in forma pauperis* application on the correct form. ECF No. 3.
7  Plaintiff has since filed a complete *in forma pauperis* application, ECF No. 7, and a request
8  to reopen the case, ECF No. 6.

## II. Granting Request to Reopen Case

The Court's dismissal of this action was without prejudice to Plaintiff moving to reopen the action and addressing the filing fee or *in forma pauperis* application deficiency. ECF No. 3 at 1. Plaintiff has filed a complete *in forma pauperis* application. ECF No. 7. Accordingly, the Court GRANTS the request to reopen this action (ECF No. 6); VACATES the Order of Dismissal and related judgment (ECF Nos. 3, 4); and ORDERS the Clerk to reopen this action.

## III. Screening

As required by 28 U.S.C. § 1915A(a), the Court conducts a preliminary screening of Plaintiff's complaint, ECF No. 1.

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants SVSP Warden M. Atchley and the California Department of Corrections and Rehabilitations Director Kathleen Allison, both in their official capacity. ECF No. 1 at 1-2. The complaint argues that Plaintiff should be, or is, eligible for consideration for release under the "High-Risk Medical Release" program that Governor Newsom announced on July 10, 2010. Plaintiff argues that he is at high risk of contracting COVID due to his underlying health conditions, such as hypertension, and because prison officials are not adequately protecting prisoners, including Plaintiff, from contracting COVID. Plaintiff argues that the failure to release him immediately is the equivalent of condemning him to death and "overthrowing and vacating Plaintiff possibility of parole under SB261 Youth Offender Parole Hearing." ECF No. 1 at 2-3.

The complaint will be dismissed with leave to amend because Plaintiff has not alleged the violation of a right secured by the Constitution or laws of the United States. In preparing an amended complaint, Plaintiff should identify what federal constitutional provision or federal law was violated, and identify what defendants Atchley and Allison specifically did that violated the federal constitutional provision or federal law. Plaintiff should be aware that there is no respondeat superior liability under Section 1983, i.e., liability solely because a defendant is a supervisor or otherwise responsible for the actions or omissions of another. *See Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010). A supervisor may be liable under Section 1983 only upon a

showing of (1) personal involvement in the constitutional deprivation, *Rico v. Ducart*, 980 F.3d 1292, 1303 (9th Cir. 2020); or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, i.e. if the supervisor knew of the violation and failed to act to prevent it, *Rico*, 980 F.3d at 1303, or the supervisor engaged in culpable action or inaction in the training, supervision, or control of his subordinates, *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018), or the supervisor engaged in conduct that showed a reckless or callous indifference to the rights of others, *id.*; or (3) if the supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff's request to reopen this action is GRANTED. ECF No. 6. The Clerk shall VACATE the Order of Dismissal and related judgment, and REOPEN this action.

2. This complaint is DISMISSED with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-02282 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

/ / /

/ / /

4

This order terminates ECF No. 6.

**IT IS SO ORDERED.**

Dated: May 16, 2022

_____
JON S. TIGAR
United States District Judge